IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RANDALL E. MANN, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.   3:13cv668-WHA |
| ) | |
| JASON C. TOWNE, in his individual capacity, ) | (wo) |
| CHRIS MCCRANE, in his individual capacity, ) | |
| and CITY OF DADEVILLE, ALABAMA, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This case is before the court on a Motion in Limine (Doc. #49) and Objections to the Plaintiff's Exhibit List (Doc. #48) filed by the Defendants.

The Defendants move in limine to prohibit the Plaintiff from presenting any testimony that he has been subjected to public ridicule or humiliation, stating that such evidence would be based on inadmissible hearsay and would also contradict the Plaintiff's deposition testimony.

The Plaintiff responds that testimonial evidence from the Plaintiff regarding his feelings of humiliation are directly related to his damages and are not hearsay.   The Plaintiff argues that if the Defendants feel that the testimony contradicts his testimony, he can be cross-examined on that issue.

The court has reviewed the deposition excerpt provided.   Mann states that people whose names he does not know made fun of him for being strip searched.   He also states that the account was in the newspaper because he filed a lawsuit.   That testimony does not appear to be

1

inconsistent with a contention that he was subject to ridicule because of the search. As to the hearsay objection, the Plaintiff does not appear to be offering evidence of out of court statements for the truth of the matter asserted, but instead is offering the statements to show the impact that they had on the Plaintiff for purposes of proving damages. *See* Fed. R. Evid. 801.

The Defendants have also objected to various exhibits offered by the Plaintiff. Specifically, the Defendants have objected to Plaintiff's Exhibits 1, 2, 3, 4, 5, 8, 9, 10, 11, 12 and 13.

As to Exhibits 1-5, the Defendants rely on Rules 402 and 403 and state that the exhibits are not relevant under the court's ruling on the Motion for Summary Judgment. Although required to furnish the exhibits by the Scheduling Order (Doc. #13, p.3) the Plaintiff only responds with argument as to the objections and does not attach copies of the exhibits. In the interest of time, the court will endeavor to evaluate the objections based on their descriptions, but the Plaintiff is cautioned to comply with court orders in the future.

The Plaintiff seeks to admit the First Amended Complaint and Answer, stating that they are permitted for use at trial by the Pretrial Order. The Pretrial Order, however, takes the place of the pleadings. *State Treasurer of the State of Michigan v. Barry*, 168 F.3d 8, 9-10 (11th Cir. 1999). Furthermore, the Plaintiff has shown no admissible basis for any pleading. Therefore, the objection is due to be sustained.

Exhibit 2 is the Alabama Uniform Arrest Report prepared by Jason Towne and Exhibit 3 is the ticket and complaint prepared by Jason Towne. The Plaintiff points out that the Defendants have also offered the arrest report, and have argued in response to an objection from the Plaintiff that it is reflective of the Defendant's actions and therefore should be permitted. As to the ticket

and complaint, the Plaintiff says that the ticket relates to the incident in question.

The court does not see the relevance of the arrest report, ticket, and complaint at this point. If a party chooses to admit the report at trial, or the ticket and complaint, that party will have to lay a foundation for its relevance at trial. The Plaintiff's objection on hearsay grounds is addressed in a separate order.

Exhibit 4 is the Dadeville Police Department Search and Seizure Policy and Exhibit 5 is the Field Interview/Protective Frisk Policy. The City of Dadeville is proceeding to trial on the claim that its agents lacked arguable reasonable suspicion, so that the officer is not entitled to discretionary or State-agent immunity, and the City can be held liable for the negligence of the officers. The policies do not appear at this point to be relevant to that inquiry. If the Plaintiff chooses to offer the policies at trial, he will first have to lay a foundation for their relevance.

Exhibits 8,9, 10, 11, 12, 13, and 14 on the Plaintiff's list are general designations of categories of documents, including documents listed by the Defendants. Such listings do not comply with the Scheduling Order, which requires exhibits to be exchanged and premarked for identification. The objection to general categories of evidence will be sustained.

Accordingly, it is hereby ORDERED as follows:

1. The Defendants' Motion in Limine (Doc. #49) is DENIED.
2. The Defendants' Objections to exhibits are sustained in part and overruled in part to the following extent:
   a. Plaintiff's Exhibit 1--the objection is SUSTAINED.
   b. Plaintiff's Exhibits 2 and 3--the objection is SUSTAINED to the extent that the Plaintiff will have to lay a foundation of relevance at trial.

  c. Plaintiff's Exhibit 4 and 5--the objection is SUSTAINED to the extent that the Plaintiff will have to lay a foundation of relevance at trial.

  d. The objections to Plaintiff's Exhibits 8, 9, 10, 11, 12, 13, and 14 are SUSTAINED.

Done this 17th day of September, 2014.

           /s/ W. Harold Albritton
          W.   HAROLD ALBRITTON
          SENIOR UNITED STATES DISTRICT JUDGE