**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RANDALL E. MANN, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   3:13cv668-WHA |
| | ) | |
| JASON C. TOWNE, in his individual capacity, | ) | (wo) |
| CHRIS MCCRANE, in his individual capacity, | ) | |
| and CITY OF DADEVILLE, ALABAMA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This case is before the court on Objections to the Defendants' Exhibit List (Doc. #48) and Witness List (Doc. #52) filed by the Plaintiff.

The Plaintiff has objected to several of the witnesses listed on the Defendants' Amended Witness List.

Chief B.C. Cooper Jackson's Gap—the Plaintiff objects to this witness to the extent that his testimony will mention arrests of the Plaintiff, Terrance Kizziah, and James Moseley.   The Plaintiff also objects that this witness cannot offer testimony as to the undergarments worn by the Plaintiff on the day in question because this witness was not in the vicinity of the search.

The Defendants respond that Chief Cooper can be seen in the video of the traffic stop, standing to the left of Towne's vehicle as the Plaintiff is pulling up his shorts. The Defendants also state that Chief Cooper has knowledge about other events surrounding the incident.

While the Plaintiff may raise an objection to particular testimony of this witness at trial,

1

the objection to his being called as a witness at all is due to be overruled.   The issue of testimony regarding previous arrests will be addressed in a separate Order on the Plaintiff's Motion in Limine.

Anthony Vic, Jackson's Gap—as with Chief Cooper, the Plaintiff argues that this witness should not testify as to arrests of the Plaintiff, Kizziah, and Moseley, and should not offer evidence as to the Plaintiff's undergarments.

The Defendants state that Vic was present while the Plaintiff was searched.   Therefore, while the Plaintiff may raise objection to particular testimony of this witness at trial, the objection to his being called as a witness at all is due to be overruled.   The issue of testimony regarding previous arrests will be addressed in a separate Order on the Plaintiff's Motion in Limine.

David Barbour, Dadeville—the Plaintiff again objects on the same two grounds to this witness, and the Defendants respond that Barbour has relevant testimony about search policies. The policies of the City of Dadeville do not appear to be probative in this case.   If the Defendants can establish a basis for Barbour's testimony to be relevant, he will be allowed to testify.

Ronnie Brown, Dadeville; Cliff Scott, Tallapoosa County Drug Task Force; and Fred White, Tallapoosa County Drug Task Force—the Plaintiff advances the arrest and wardrobe arguments as to these witnesses as well, and the Defendants respond that all three witnesses were on the scene.   The Defendants contend that they have relevant testimony, and any issues the Plaintiff has with their testimony should be considered in evaluating credibility, not admissibility.   The court agrees, and the objections to these individuals be called as witnesses is

2

due to be OVERRULED.

Clerks of any court where Plaintiff or his witnesses have prior convictions:   this objection will be resolved in the court's separate Order on the Motion in Limine.

The Plaintiff also objects to the calling of any person necessary to authenticate any document, record, or exhibit.   The Defendants state that they may call clerks to authenticate documents to prove prior convictions.   Again, the admissibility of prior convictions will be decided in the context of their Motion in Limine.

Finally, the Plaintiff objects to witnesses who lack personal knowledge of the events at issue.   Such an objection can be raised during the trial.

Objections to Exhibit List

The Plaintiff states that he objects to all exhibits until their admissibility is established. That is not a proper objection under the Scheduling Order which requires grounds for objection and legal authorities as to the exhibits.

The Plaintiff specifically objects to

Exhibit 2—the Uniform Arrest Report for the Plaintiff from the incident in question. The Plaintiff argues that this evidence is irrelevant, unduly prejudicial under Rule 403, improper character evidence under Rule 404, excludable as older than 10 years under Rule 609, inadmissible as a plea discussion under Rule 410, and improper hearsay.

The Defendants respond, but do not attach a copy of the exhibit although required to furnish the exhibit by the Scheduling Order (Doc. #13, p.3).   The Defendants largely argue that the bases for objection do not apply to this exhibit which concerns the arrest of the Plaintiff which forms the basis of this claims in this case.   The court agrees.   However, to the extent that the

3

arrest report contains hearsay statements, those statements are not admissible and will have to be redacted if the Defendants seek to admit the exhibit at trial.

Exhibits 3 and 4 are documentation regarding arrests and convictions of the Plaintiff and Terrence Kizziah.   Such objections are resolved in the court's order on the Plaintiff's Motion in Limine on the same subject.

Finally, the Plaintiff objects to the remainder of the Defendant's exhibits as irrelevant. This is not a proper objection and is due to be overruled.

Accordingly, it is hereby ORDERED that the Plaintiff's objections to the Defendants' witnesses are OVERRULED, subject to the witnesses providing relevant testimony, and the Plaintiff's objections to the Defendants' Exhibits are OVERRULED, except that hearsay statements within Exhibit 2 must be redacted.

Done this 17th day of September, 2014.

 /s/ W. Harold Albritton
W.  HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE