IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RANDALL E. MANN, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.   3:13cv668-WHA |
| | ) |
| JASON C. TOWNE, in his individual capacity, | )   (wo) |
| CHRIS MCCRANE, in his individual capacity, | ) |
| and CITY OF DADEVILLE, ALABAMA, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This case is before the court on Objections to the Plaintiff's Deposition Designations (Doc. #47) and Objections to the Defendant's Deposition Designations (Doc. #53).

Rule 32 of the Federal Rules of Civil Procedure allows depositions to be used against a party, or to contradict or impeach a witness.   Depositions may also be used if a witness, whether or not a party, cannot attend the trial for reasons set out in the rule.

The Plaintiff objects to the deposition designations of the Defendant on the ground that they do not comply with the Rule because the Defendants have not demonstrated that the deponents will be unavailable for trial.   They point specifically to designations of the depositions of Defendants Towne and McCrane.

The Defendants respond that the rule does not preclude them from designating their own depositions.   They state, however, that the designations were made out of an abundance of caution and will only be used if they become necessary under Rule 32.   Therefore, with the understanding

1

that Rule 32 unavailability requirements will have to be met for the designations of Towne and McCrane of their own depositions to be used at trial, the Plaintiff's objection is due to be overruled.

The Plaintiff also objects to the designation of testimony of James L. Moseley. The designation by the Defendants does not include page numbers because the transcript is not yet available, although the substance of some testimony has been identified. The Defendants respond that they intend to use Moseley's deposition for impeachment. That objection is, therefore, due to be overruled. *See* Fed. R. Civ. P. 32 (a)(2).

The Plaintiff objects to deposition designations regarding prior arrests and convictions, incorporating his arguments from his Motion in Limine. The Motion in Limine has been ruled on by separate Order.

Finally, the Plaintiff objects to the designations from the depositions of Towne, McCrane, the Plaintiff, and Moseley on the grounds that they are outside of the issues to be tried, are hearsay, prejudicial, and a waste of time. That general objection is to be overruled.

The Defendants have objected to the Plaintiff's designations from the depositions of Town and McCrane, who are Defendants in this case. They have objected on relevance and Rule 403 balancing grounds. The Plaintiff is entitled to use a deposition against a party if the evidence would be admissible under the Federal Rules of Evidence if the deponent were testifying. Fed. R. Civ. P. 32(a)(1). The Defendants objection to the following designations:

Towne Deposition p. 15: 11-16. This designation relates to the lack of a seatbelt citation as to any passenger in the car during the subject traffic stop. The court agrees that that testimony is not relevant under Rule 402, because the reasonable suspicion to conduct a traffic stop is no

2

longer the basis of any claim.

p. 21: 16-23 and p. 22: 1-11—relate to City of Dadeville policies. The court has ruled by separate order that a foundation for relevance must be established for evidence regarding City policy.

p. 23: 21-23, 24: 1-7, 25: 7-12, 26:3-23, and 27: 1-12—all concern the Uniform Arrest Reports and the events involved in the traffic stop.   The court concludes that the context of the resulting search, including that the stop was based on a report that the vehicle contained narcotics, is relevant to the claims which remain in the case.   As to the Rule 403 objection, if these designations are offered at trial, the court will weigh the prejudicial effect of such evidence in the context of the state of the evidence at that time.

McCrane deposition p. 25: 13-16 identifies where the traffic stop occurred. That testimony is not irrelevant, but is merely part of the context of the frisk.

p. 29: 21-23, p. 30: 1-10, 21-23, p. 31: 1-9 relate to City of Dadeville policies. The court has ruled by separate order that a foundation for relevance must be established for evidence regarding City policy.

Finally, the Defendants object to any designation from Moseley's deposition which may be made in the future.   In the deposition designations, the Plaintiff states that he designates all of James L. Moseley's deposition, but that the deposition transcript is not available, and that designations will be made upon availability.    Introduction of the entire deposition will not be allowed.   Should the Plaintiff move to be allowed to designate specific portions of Moseley's deposition, the court will address that motion at that time and, if the designations are allowed, the Defendants will be given time in which to object to those designations.

For the reasons discussed, the Plaintiff's objections to the deposition designations by the Defendants are OVERRULED, to the extent that the designations must be offered within the requirements of Rule 32 at trial.   The Defendants' objections are SUSTAINED only as to the designation of Towne's Deposition p. 15: 11-16.   The objections are OVERRULED in all other respects, with the understanding that relevance of City of Dadeville policies must be established before that deposition testimony is relevant, and that Rule 403 balancing as to the evidence regarding the traffic stop will be conducted at trial.

Done this 17th day of September, 2014.

/s/ W. Harold Albritton
W.   HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE